```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE WESTERN DISTRICT OF TENNESSEE
                           WESTERN DIVISION
```
_____

**UNITED STATES OF AMERICA,**          )
                                       )
    **Plaintiff,**                      )
                                       )
**v.**                                 )
                                       )     **No. 05-20080 Ma**
**FRED KRATT,**                        )
                                       )
    **Defendant.**                      )
                                       )
_____

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT**
_____

    Before the court is Defendant Fred Kratt's Motion to Dismiss the Indictment with Authorities, filed on November 25, 2005. The United States filed a response on December 21, 2005. For the following reasons, Defendant's motion is DENIED.

    Kratt asserts that the indictment in this case should be dismissed because of pre-indictment delay. The offenses charged in the indictment are alleged to have occurred between February 25, 2000, and March 16, 2000, but Kratt was not indicted until March 8, 2005. The Sixth Amendment right to a speedy trial does not apply until a person is "accused" of a crime either through arrest, indictment, or information. United States v. Marion, 404 U.S. 307, 313, 320 (1971). Because Kratt did not become an "accused" until he was indicted on March 8, 2005, he relies on the Fifth rather than the Sixth Amendment as grounds for

dismissal.

To establish that the indictment should be dismissed for violating his due process rights under the Fifth Amendment, Kratt must show "that the pre-indictment delay...caused substantial prejudice to [his] rights to a fair trial and that the delay was an intentional device to gain tactical advantage...." Id. at 324. Kratt asserts that he has been substantially prejudiced because, since the time of the offenses alleged in the indictment, one potential witness has died, documentary evidence, such as telephone records, has become unavailable, and witnesses' memories have faded.  To obtain dismissal, a defendant must show actual, not potential, prejudice. Id. at 323-24. "Possible prejudice is inherent in any delay, however short; it may also weaken the Government's case." Id. at 322.

Kratt's claims that, because of the passage of time, evidence has become unavailable and witnesses' memories have faded show only potential prejudice, which is generally addressed through statutes of limitations, not the Due Process Clause. Kratt's assertion that a potential witness has died during the period of delay does not establish that Kratt has actually been prejudiced by the delay. To show actual prejudice because of the death of a witness, a defendant must "demonstrate that exculpatory evidence was lost and could not be obtained through other means." United States v. Rogers, 118 F.3d 466, 475 (6th Cir. 1997).  The defendant must "give an indication of what the

2

witness' testimony would have been and whether the substance of the testimony was otherwise available." Id.  Kratt has not made such a showing, and therefore, he has not shown that he suffered actual substantial prejudice because of pre-indictment delay.

Even if Kratt had shown that he was substantially prejudiced by the delay, he has not shown that the government intentionally delayed indicting him to gain a tactical advantage.  Rather, he has merely asserted that it appears that the government was aware of these potential charges by at least 2001, but that "[t]he defendant cannot read the government's mind as to its reasons for delaying prosecution." (Def.'s Mot. Dismiss 3.)

Because Kratt has not satisfied either of the requirements necessary to obtain dismissal for pre-indictment delay, Defendant's Motion to Dismiss the Indictment with Authorities is DENIED.

So ordered this 5th day of January 2006.

s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE